UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Brett Johnson, ) | Case No.: 12-CV-03691-LHK |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | ORDER REGARDING REQUEST FOR |
| San Benito County, et. al., ) | INTERNAL AFFAIRS RECORDS |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

In response to the parties' discovery dispute regarding a document from Internal Affairs, the Court ordered Defendants to file a letter brief explaining why good cause exists to withhold this discovery from Plaintiff, and afforded Plaintiff an opportunity to respond. *See* ECF No. 23. After reviewing the parties' filings, *see* ECF Nos. 26, 27, the Court hereby ORDERS Defendants to produce the Internal Affairs investigation and all related documents to Plaintiff, subject to the operative Protective Order.

The Federal Rules of Civil Procedure allow for broad discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, "[f]ederal common law recognizes a qualified privilege for official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing *Kerr v. United States Dist. Ct. for N.D. Cal.*, 511 F.2d 192, 198 (9th Cir.1975)). "In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity

asserting the privilege." *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (citing *Sanchez*, 936 F.2d at1033-34). In civil rights cases, courts have found this balancing approach to be "moderately pre-weighted in favor of disclosure" given that, "[a]s a general proposition, the public interests in the categories favoring disclosure (the policies underlying our civil rights laws, public confidence in the court system, and doing justice in individual cases) clearly outweigh the public interests in favor of secrecy (e.g., not compromising procedures for self-discipline within police forces or the privacy rights of officers or citizen complainants)." *Kelly v. City of San Jose*, 114 F.R.D. 653, 661 (N.D. Cal. 1987).

The Court finds the Internal Affairs document to be highly relevant to the allegations raised in Plaintiff's complaint. Specifically, the Court finds the subject of the Internal Affairs report—allegations that Mr. Turturici intimidated subordinates into participating in Mr. Turturici's campaign—is also relevant to Plaintiff's claim that Mr. Turturici promised a promotion to Sgt. Lamonica for reopening the investigation of Plaintiff to curry favor with Mr. Howard, who would be helpful to Mr. Turturici's campaign. Both allegations involve Mr. Turturici's alleged abuse of subordinates to further his campaign. In addition, the Court finds that the general "policies underlying our civil rights laws, public confidence in the court system, and doing justice in individual cases," are applicable in this case, and outweigh the County's official information privilege and Mr. Turturici's right to privacy. *Kelly*, 114 F.R.D. at 661.

Accordingly, the Court finds that Plaintiff's interest in discovering this evidence outweighs the County and Mr. Turturici's qualified privileges. By June 3, 2013, Defendants produce the Internal Affairs investigation and all related documents to Plaintiff, subject to the operative Protective Order.

**IT IS SO ORDERED.**

Dated: May 14, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

2

Case No.: 12-CV-03691-LHK
ORDER REGARDING REQUEST FOR INTERNAL AFFAIRS RECORDS